IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:25-cv-2431 |
| | ) | |
| KWATE HOME CARE, LLC and CROSS | ) | |
| DAVID, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Mark Jefferson, for his Complaint against Defendants, Kwate Home Care, LLC

("Kwate") and Cross David, states the following:

### I. Parties

1.      Plaintiff is a resident of Indianapolis, Indiana.

2.      Kwate is a corporation located in Avon, Indiana.

3.      Cross David is a member of Kwate.

4.      Mr. David manages Kware

5.      Mr. David determined the hourly rate of Plaintiff.

6.      Mr. David determined the weekly compensation of Plaintiff.

7.      Mr. David determined whether Plaintiff was paid overtime wages or not.

### II. Jurisdiction and Venue

8.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that

the claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to

enforce his rights under the FLSA.

9.     This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

10.     Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Plaintiff's residence and Defendants doing business in this District.

### III. Factual Allegations

11.     Plaintiff was an employee of Kwate.

12.     Plaintiff was an employee of Mr. David.

13.     Plaintiff began working for Kwate in January 2024.

14.     Plaintiff began working for Mr. David in January 2024.

15.     Plaintiff worked for Kwate as a home health aide.

16.     Plaintiff worked for Mr. David as a home health aide.

17.     Kawate agreed to pay Plaintiff on an hourly basis.

18.     Mr. David agreed to pay Plaintiff on an hourly basis.

19.     Kwate agreed to pay Plaintiff $19.00 per hour.

20.     Mr. David agreed to pay Plaintiff $19.00 per hour.

21.     Kwate agreed to pay Plaintiff on a weekly basis.

22.     Mr. David agreed to pay Plaintiff on a weekly basis.

23.     Plaintiff worked hours for Kwate for which he was not paid his regular hours correctly.

24.     Plaintiff worked hours for Mr. David for which he was not paid his regular hours correctly.

25.     Plaintiff worked hours for Kwate over 40 hours in a week for which he was not paid time and a half.

26.     Plaintiff worked hours for Mr. David over 40 hours in a week for which he was not paid time and a half.

27.     Plaintiff worked hours for which Kwate failed to pay him overtime premium wages in the correct amount.

28.     Plaintiff worked hours for which Mr. David failed to pay him overtime premium wages in the correct amount.

29.     Kwate did not have a good faith reason for not paying Plaintiff his regular wages in the correct amount.

30.     Mr. David did not have a good faith reason for not paying Plaintiff his regular wages in the correct amount.

31.     Kwate did not have a good faith reason for not paying Plaintiff his overtime wages in the correct amount.

32.     Mr. David did not have a good faith reason for not paying Plaintiff his overtime wages in the correct amount.

33.     Examples of when Plaintiff was not paid regular wages in the correct amount include the following pay dates: March 12, 2024, March 19, 2024, and March 26, 2024.

34.     Examples of when Plaintiff was not paid overtime wages in the correct amount include the following pay date: March 5, 2024, March 12, 2024, March 19, 2024, and March 26, 2024.

### III.     Cause of Action

**Count I**
**Failure to Pay Overtime Hours and Overtime Premium Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

35.     Plaintiff incorporates paragraphs 1 through 34 by reference herein.

36.     Plaintiff was an employee of Kwate pursuant to the FLSA.

37.     Plaintiff was an employee of Mr. David pursuant to the FLSA.

38.     Kwate had gross revenues of at least $500,000.00 for the 2023 calendar year.

39.     Kwate had gross revenues of at least $500,000.00 for the 2024 calendar year.

40.     Kwate is an employer of Plaintiff pursuant to the FLSA.

41.     Mr. David is an employer of Plaintiff pursuant to the FLSA.

42.     Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II**
**Indiana's Minimum Wage Statute**
**Alternative Claim**

43.     Plaintiff incorporates paragraphs 1 through 42 by reference herein.

44.     Plaintiff was an employee of Defendants pursuant to Indiana's Minimum Wage Statute.

45.     Defendants are employers pursuant to Indiana's Minimum Wage Statute.

46.     Defendants failed to properly pay overtime wages for all hours worked over 40 hours in a workweek.

47.     Defendants' violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Wage Payment Statute

48.    Plaintiff incorporates paragraphs 1 through 47 by reference herein.

49.    Defendants are employers pursuant to the Wage Payment Statute.

50.    Plaintiff was not paid his wages correctly.

51.    Plaintiff has been damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV.    Jury Demand

52.    Plaintiff incorporates paragraphs 1 through 51 by reference herein.

53.    Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Mark Jefferson

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com